By the Court,

Savage, Ch. J.
Let us inquire who are the parties to this suit and what is the issue to be tried. The subject matter is a store and lot, the title to which was once in A. Parsons, which title the plaintiff says he has by operation of law, by means of a judgment and execution against *Parsons and a sale thereon. If the title was in Parsons when the judgment was docketed, in May, 1827, it is now in the lessors of the plaintiff. The title wras in Parsons at that time, unless it passed by the deed previously executed to Miller. If it did pass by that deed, then it is still in Miller; he has never conveyed it to any one, nor has the mortgage executed by him been foreclosed. If these facts are so, and so they appear in the case, then Miller is the party in interest—the real defendant. It is true that he has assigned the rent to Russell, saying that he has in equity a good right to the *537 same ; but Miller had no legal title to the rents prior to the assignment, nor has he now any legal title to the property itself, from any thing appearing upon this case. If I am right in this assumption, then there can be no doubt about the propriety of Pitcher’s testimony. It was properly admitted. Miller’s declarations were competent testimony, because he is the party in interest; and for the same reason, he could not be a witness. But if he were not the party in interest, his declarations were properly received in evidence, if made when in possession of the premises in dispute ; and they are good evidence against him and all persons claiming under him. So is the doctrine in Jackson v. Bard, 4 Johns. R. 230, and many subsequent cases. There may be exceptions which will be hereafter considered.
The doctrine that parol declarations shall not be received to divest a legal title, is not applicable in this case. Such declarations cannot be received to divest an estate already shown to have vested, or when it is shown that there is higher evidence. The object here was to show that no title vested ; that the instrument which purported to convey the estate was void. It is always competent to show that a deed was delivered as an escrow, or that it was obtained by fraud. There can be no doubt that it might be shown, by any competent witness who knew the fact, that a deed was obtained by imposition, or by force, duress, or that it was executed for the express purpose of defrauding the creditors of the grantor. How can such evidence be given but by parol 1 By persons who were present at the concoction of the fraud, and knew the facts and the declared intents of the parties when the deed was executed. *If these facts could be proved by parol, by indifferent persons, why not prove them by the admissions of the parties 1 Had the subscribing witnesses been produced who had heard Miller make similar declarations to those made to Pitcher, there could have been no good objection to it on the ground of its being parol evidence. If that objection were to prevail in such a case, a deed would seldom be proved fraudulent.
The defendant’s counsel insists that Miller’s declarations were inadmissible, because the plaintiff might have produced him as a witness ; and it is said he might have done so because Miller’s interest was against him; and because the plaintiff might thus use him as a witness, therefore it is said he shall not give evidence of his declarations. It is in general true that the declarations of a person who is a competent witness cannot be given in evidence; but a party is not compelled to call a party in interest, merely because he may do so ; and if he did call him, such party in interest could not be compelled to testify. 7 Cowen’s R. 174. Miller was not a competent witness for the defendant, who was his tenant, and Miller himself the real defendant. The plaintiff was, therefore, not obliged to call him, and was entitled to the benefit of his admissions.
The defendant’s second point is, that Russell and Hall, being assignees of Miller’s mortgage, became vested with the legal title : that is, as I understand it, the mortgage is an outstanding title; for the defendant has not connected himself at all with Russell and Hall as their tenant, and can only avail himself of the mortgage, if at all, as an outstanding title. A mortgage before foreclosure is now regarded merely as a security for money. The decisions on this point were commented on in the court of errors in the case of Astor v. Hoyt, 8 Wendell’s R. 615, 16. Russell and Hall show no privity between themselves and the defendant. They have indeed given him notice to pay them the rent; but can they collect rent of him in their capacity as mortgagees 1 Surely not. As assignees of Miller’s lease, if they have an assignment, they may; but without an assignment they must institute proceedings in the name of Miller. *539 The defendant has never attorned to Russell and Hall, and is not their tenant. It seems, therefore, to be travelling out of the case, properly before the court, to be discussing the question whether they can enforce their mortgage. All I mean to say now is, that they are not in the place of a bona fide purchaser from Miller, for valuable consideration paid without notice of the fraud. It is a general rule that a person having no title can convey none ; but there are cases where a party having a title defeasible in his hands, may convey to an innocent party for value paid, and the title of the purchaser will be held valid from considerations of public policy. Whether this is such a case, I do not mean to inquire ; but I will merely remark, that all the cases which I have examined, where the purchase from a fraudulent grantor was sustained, were cases where the purchaser gave value at the time of the purchase ; not where the premises were taken in security or discharge of an antecedent debt. This case presents a contest among creditors to secure each for himself what he can of the wreck of the failing debtor’s property. The lessors claim under a judgment. Where was the legal title to the property in question when that judgment was entered ? The sale to Miller being fraudulent as against creditors, as to them the title remained in Parsons. It did so, also, as between the creditors and Miller, the fraudulent purchaser, and all holding under him; though perhaps not as to a bona fide purchaser from him for valuable consideration. As between the parties to this suit, the title remained in Parsons, and the judgment became a lien upon it. The plaintiff’s title is therefore complete.
The defendant’s counsel contends that Myers was tenant to Russell and Hall. This point has already been answered, being involved in the previous point. I will however observe, that all the cases referred to by the counsel are cases decided in England, where the mortgagee is considered as having the legal title. It is not so here ; and it is contended by the counsel for the plaintiffs that a mortgagee in possession could not protect himself against an action by the mortgagor or his assignee, since by the revised statutes a mortgagee cannot maintain ejectment. 2 R. S. 312, § 57. That point does not necessarily arise, but it does not follow that he may not retain possession under a mortgage, though he could mot recover the possession upon it. This section of *the revised statutes strongly supports the view which the courts here have taken of a mortgage. It is not to be considered a conveyance of the title, else the mortgagee might bring ejectment after forfeiture; but he must invest himself with the legal title, by foreclosing his mortgage, before he can recover possession. The mortgage to R. H. Walworth was properly rejected ; it is not an outstanding title, but merely an encumbrance upon the premises.
New trial denied.